

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 01, 2022.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HORTENSIA SANCHEZ IBARRA, | § | CASE NO. 19-52413-MMP |
| | § | |
| DEBTOR. | § | CHAPTER 13 |

OPINION

I. INTRODUCTION

The Court heard the uncontested *Motion to Waive Requirement to Complete Debtor Education Course 11 U.S.C. § 111* ("**Motion**," ECF No. 18). The Debtor's probate estate representative and daughter Melissa Ibarra ("**Ibarra**"), sought relief on the Debtor's behalf after (i) the Debtor's death, (ii) plan confirmation, (iii) substantial completion of plan payments by the Debtor, and (iv) completion of the final plan payments by Ibarra. Death prevents the Debtor from completing a financial management course. The Court grants the Motion.

1

## II.  JURISDICTION AND VENUE

The Court has jurisdiction under 28 U.S.C. § 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (J), allowing this Court to enter final judgments. If this proceeding is not a core proceeding, this opinion will serve as this Court's findings of fact and conclusions of law. Venue is proper under 28 U.S.C. § 1408.

## III.  BACKGROUND

No factual disputes exist. The Court confirmed the Debtor's plan in 2019, *see* ECF No. 21, and the Debtor died on October 9, 2021, *see* ECF No. 22. Ibarra completed the plan by making the Debtor's final plan payments. ECF No. 18. Seeking to eliminate the final prerequisite to the Debtor's discharge, Ibarra moves the Court to waive the requirement that the Debtor complete a financial management course. 11 U.S.C. §§ 111, 1328(g)(1).[1] The chapter 13 trustee does not object to the Motion. ECF No. 21. The Debtor has not moved for, and the Court has not considered, granting a hardship discharge under § 1328(b). The Court orally granted the Motion on May 10, 2022. This Opinion explains the Court's reasons for doing so.

## IV.  DISCUSSION

Rule 1016 provides that a chapter 13 bankruptcy case may continue after a debtor's death in certain circumstances. Fed. R. Bankr. P. 1016. The rule states that if a chapter 13 debtor dies

> the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death . . . had not occurred.

*Id.* Rule 1016 clarifies that dismissal is not automatic following a debtor's death, and continuing the case is an option "[i]f further administration is possible and in the best interest of the parties . . . ." *Id.* Further, when a case may continue, Rule 1016 allows it to proceed, if possible, as

---

[1] Unless otherwise noted, all statutory references are to Title 11 of the United States Code.

2

though the debtor had not died. *Id.* Because discharge is the usual conclusion of a chapter 13 case, Rule 1016 contemplates granting a discharge to a deceased chapter 13 debtor under qualifying circumstances.

Here, plan payments are complete and "further administration" requires only the ministerial task of completing a financial management course. The Court notes that the Debtor's death defeats the purpose of the course requirement, which is to prevent bankruptcy recidivism. *See* ***In re Lizzi***, Case Nos. 09-10097, 10–13875, 2015 WL 1576513, at *7 (Bankr. N.D.N.Y. Apr. 3, 2015) (noting that the inherent purpose of the financial management course requirement is to "to prevent a future reoccurrence of financial trouble" (citing ***In re Trembulak***, 362 B.R. 205, 207 (Bankr. D.N.J. 2007))). The Debtor died after confirmation but before fully completing plan payments, and Ibarra made the final payments. Given the long history of plan payments by the Debtor, the completion of final plan payments by Ibarra to secure the Debtor's discharge is an acceptable way to keep administering a case so that it can be concluded as though the Debtor had not died. That further administration is possible, however, does not end the inquiry into whether the case may continue.

Rule 1016 also requires the Court to consider the best interest of the "parties." *Id.* Courts differ on which parties' interests to consider but always consider the interests of creditors. ***In re Shorter***, 544 B.R. 654, 664 (Bankr. E.D. Ark. 2015) (collecting cases). Here, allowing the case to proceed to discharge by waiving the now-useless financial management course requirement would not impact the Debtor's creditors. The Debtor's confirmed plan provided for the payment of approximately 100% of allowed general unsecured claims. In addition, the plan provided for prepetition secured creditors to be paid in full. Further, no creditors or other parties-in-interest objected to this Motion. Accordingly, creditors have arguably waived the right to contest whether

3

the continuation of the case is in the best interest of the parties. *See* **In re Ferguson**, No. 11-50950-CAG, 2015 WL 4131596, at *2 (Bankr. W.D. Tex. Feb. 24, 2015) ("Given that neither creditors nor the Trustee raised argument as to the best interest of the parties to the bankruptcy, the Court will consider those arguments waived.").

While this is not a hardship discharge case, in such cases, some courts have considered the interests of the debtor and the debtor's heirs. *See* § 1328(b) (providing for a discharge where the debtor's failure to complete plan payments "is due to circumstances for which the debtor should not justly be held accountable"); **In re Inyard**, 532 B.R. 364, 372 (Bankr. D. Kan. 2015) (holding, in a case discussing § 1328(b), that "[p]enalizing [the debtor] (or his heirs, if their interests can even be considered) . . . does not comport with the Bankruptcy Code's goal of giving deserving debtors a fresh start"). If those interests are considered in this case, then the Debtor's and Ibarra's interests facially appear to favor continuing the case to obtain the benefit of a discharge. This Court, however, questions if in a § 1328(g)(1) waiver case like this, the interests of a deceased debtor can be discerned based only on the statements of counsel for her heirs.[2] Further, the Court questions if an heir to a deceased debtor is a party to a debtor's bankruptcy case for purposes of Rule 1016.[3] The Court need not answer those questions today, as the Motion is uncontested. Thus, here the Court finds that further administration of this case is possible and in the best interest of the parties for purposes of Rule 1016.

Satisfaction of Rule 1016 allows the continuation of the Debtor's case but doesn't solve the deceased Debtor's primary problem, her inability to complete a financial management course to satisfy § 1328(g)(1). To obtain a discharge in a chapter 13 case, debtors are required to complete

---

[2] The Court understands that one might presume that a deceased debtor would want to benefit such debtor's heirs.
[3] It is not clear that an heir's possible financial benefit derived from a debtor's discharge provides the heir standing to assert such interest in a debtor's bankruptcy case.

an "[i]nstructional course concerning personal financial management described in section 111" sometime after filing the petition. § 1328(g)(1). The requirement of § 1328(g)(1) does not apply to debtors who meet the description of a person in § 109(h)(4). § 1328(g)(2). Section 109(h)(4) of the Bankruptcy Code excludes debtors who cannot complete a financial management course due to "[i]ncapacity, disability, or active military duty in a military combat zone." § 109(h)(4). The statute defines a debtor with a "disability" as one who is "[s]o physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing . . . ." *Id.*

The Court finds that the Debtor's death constitutes a disability under § 109(h)(4). *See* **In re Robles**, No. 07-30747-C, 2007 WL 4410395, at *2 (Bankr. W.D. Tex. Dec. 13, 2007) (concluding in a chapter 7 case that a deceased debtor "[s]uffers from the ultimate disability . . . "); **In re Henderson**, No. 06-52439-C, 2008 WL 1740529, at *1 (Bankr. W.D. Tex. Apr. 9, 2008) (determining in a chapter 7 case that a debtor's death is a disability); **In re Inyard**, 532 B.R. at 373 (finding in a chapter 13 case that a debtor's death rendered him a person described in § 109(h)(4)). Deceased debtors are "so physically impaired" that they cannot participate in a financial management course. Moreover, as mentioned above, death defeats the purpose of the financial management course requirement, which is to prevent bankruptcy recidivism. Accordingly, where, as here, (i) all plan payments have been made (on a 100% creditor recovery plan) allowing continued administration of the case, and (ii) the Debtor's death constitutes a "disability" under § 109(h)(4)), the Court waives the requirement for the Debtor to complete a financial management course under § 1328(g)(1).

5

V. **C**ONCLUSION.

The Court finds that further administration of this case is possible and in the best interest of the parties under Rule 1016 and waives the requirement for the Debtor to complete a financial management course under § 1328(g)(1). The Motion is granted. The Court will enter a separate order consistent with this ruling.

# # #